Per Curiam.

Upon the hearing of this cause in the chancery court the complainant introduced and offered to read in evidence the deposition of James Perry, which was objected to on the ground that the witness was interested in the matter in controversy, which objection was sustained and the testimony rejected, and there was no bill of exceptions to the opinion of the chancellor, by which the deposition is made a part of the record.
1. The first question presented for consideration is, whether this court can hare the deposition of said James Perry read as evidence in the cause? We think not. All depositions and other papers which are read as evidence before the chancellor constitute a part of the record in the case, and *439 •will be heard by the supreme court upon an appeal; but those which upon motion are rejected as incompetent and illegal, and not therefore to be read, cannot be taken into consideration here unless a bill of exceptions has made them a part of the record. Depositions are frequently rejected for matter arising upon parol evidence; the interest of witnesses is often thus proved, and unless a bill of exceptions be filed, it is impossible for the court above to know for what cause the deposition was excluded.
2. But secondly, if this deposition could be read, does it, in connection with the other testimony in the cause, establish the position contended for by the complainant, that there was a condition to his contract by which he was not held to be liable for the payment of the thousand dollars unless one thousand subscribers for the book contracted for could be procured, and which was, by the fraud or mistake of the defendant, not inserted in the written evidence thereof? We think not; for although equity will relieve against omissions in written contracts, whether they have occurred by mistake or fraud, and will hear parol proof to establish the omission, yet the evidence must be clear and strong, proving it to the entire satisfaction of the court. Gillespie vs. Moore, 2 John. C. R. 585, and the authorities there cited. Such is not the proof under consideration. James Perry, if we could hear his testimony, was not present when the contract was reduced to writing, and therefore cannot know whether any of its terms were omitted or not. The testimony of Samuel Blackburn proves nothing but th'at there was an impression on his mind that there was a condition to the contract, though he admits that he could not understand the true contract, and that he never heard Pearson admit that there was a condition, but that he, on the contrary, always contended that he had drawn the instrument of writing embracing the contract as made. We would violate every principle of law upon this subject were we, upón this proof, to set up the condition to the contract, and that against the express denial of the defendant in his answer. We cannot do it.
We therefore, though with reluctance, reverse the decree of the chancellor and dismiss the bill.